UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ADAM STUART ROSENBLUM, | ) |
| | ) |
| Petitioner, | ) |
| | ) No.:  1:21-CV-280-DCLC-SKL |
| v. | ) |
| | ) |
| FRANKLIN COUNTY JAIL, | ) |
| | ) |
| Respondent. | ) |

# **MEMORANDUM OPINION**

This is a pro se prisoner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 20, 2021, this Court entered an Order requiring Petitioner to file a § 2254 form that included all of his federal habeas claims [Doc. 7].  Plaintiff failed to timely comply with that Order, and on January 27, 2022, the Court entered an Order providing Petitioner fourteen (14) days within which to show cause why this action should not be dismissed for want of prosecution and failure to comply with Court orders [Doc. 8].  The deadline has passed, and Petitioner has not complied with this Order or otherwise communicated with the Court.  Accordingly, for the reasons set forth below, this action will be **DISMISSED**.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for a plaintiff's failure "to prosecute or to comply with these rules or a court order[.]"  *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999).  The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Petitioner's failure to respond to or comply with the Court's previous order is due to Petitioner's willfulness and/or fault. Plaintiff apparently received the Court's Order requiring him to amend his petition, but the Court's Show Cause Order was returned to the Court as undeliverable [Doc. 9]. Therefore, it appears that Petitioner did not receive the Show Cause Order because he failed to update his address and/or monitor this action as this Court's Local Rule 83.13 requires. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Petitioner's failure to comply with the Court's order has not prejudiced Respondent.

As to the third factor, the record reflects that the Court warned Petitioner that the Court would dismiss this case if he failed to comply with the Court's order [Doc. 8].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Petitioner was a prisoner who is not communicating with the Court and has not pursued this case.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action pursuant to Rule 41(b).

The Court must now decide whether to grant Petitioner a certificate of appealability ("COA"). A COA should issue where a petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

2

Case 1:21-cv-00280-DCLC-SKL   Document 10   Filed 02/15/22   Page 2 of 3   PageID #: 41

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is dismissing this petition because Petitioner failed to prosecute this action and did not comply with a Court order. Reasonable jurists could not find that this dismissal is debatable or wrong. Accordingly, a certificate of appealability shall not issue.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

**SO ORDERED:**

s/Clifton L. Corker<br>
United States District Judge